**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTINE JACKSON,**

        **Plaintiff,**

**-vs-**                                               **Case No. 6:09-cv-777-Orl-28GJK**

**WAL-MART STORES, INC.,**

        **Defendant.**
_____

## ORDER

This cause is before the Court on the Motion to Dismiss (Doc. 3) filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart"). Plaintiff, Christine Jackson ("Jackson"), has filed a Response (Doc. 9) to the motion, and the Court now issues the following ruling thereon.

<u>I.  Motion to Dismiss Standard</u>

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents

central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## II. Analysis

On April 7, 2009, Jackson filed a one-count Complaint in state court for negligence against Wal-mart. (Compl., Doc. 2). In her Complaint, Jackson alleges that she was injured during the course of her employment with Wal-Mart when a loading dock plate ("docking plate") malfunctioned as she was unloading a delivery truck, resulting in severe injury to her leg and necessitating its amputation. (Id. ¶¶ 5, 20-23). According to Jackson, the docking plate had been malfunctioning for more than a year due to a failure to maintain a braking mechanism, creating a situation where the braking mechanism would unintentionally disengage and abruptly "pop-up" eighteen to twenty-four inches. (Id. ¶¶ 7-9). Jackson alleges that instead of repairing the docking plate as required by company policy, Wal-Mart would regularly attempt to weigh the pallet down with merchandise to prevent this abrupt "pop-up" malfunction. (Id. ¶ 10). Jackson claims that in the moments prior to the accident that gave rise to this suit, the docking plate malfunctioned and the manager overseeing the loading area reset the docking plate without informing her of the malfunction.[1] (Id. ¶¶ 14, 18). Jackson alleges that Wal-Mart recklessly failed to maintain the docking plate and created "an unreasonably dangerous condition substantially certain to result in catastrophic injury or death" by failing to take steps to repair the docking plate or prevent its further use. (Id. ¶¶ 6, 18).

---

[1]Jackson states that continued use of the malfunctioning docking plate violates Wal-Mart's policy requiring that the docking plate be shut down until repaired. (Compl. ¶ 15).

In its motion, Wal-Mart requests that this Court dismiss Jackson's claim and award attorneys fees, stating that as an employee injured during the course of her employment, Jackson's exclusive remedy is that provided by Florida's worker's compensation scheme. (Doc. 3 at 2). Section 440.11, Florida Statutes, provides that an employer's liability is limited to that provided by section 440.10 except in certain limited situations. At issue in this suit is whether Jackson's claim falls under the "intentional tort" exception, thereby allowing Jackson to proceed against Wal-Mart outside of the worker's compensation scheme. The statute defines an "intentional tort" as encompassing two types of scenarios: (1) when an employer deliberately injures an employee, § 440.11(b)(1), Fla. Stat.; and (2) when an employer engages in conduct that he knew created a "virtual certainty" of injury or death and the employee was unaware of this risk because the risk was unapparent, concealed, or misrepresented. Id. § 440.11(b)(2).

Though Jackson alleges in her complaint that Wal-Mart—through the actions of its manager—deliberately concealed the risk of injury presented by the docking plate by "resetting the trap," (Compl. ¶ 17), Jackson does not allege that she was unaware of the docking plate's disrepair and its dangerous nature.[2] For the purposes of this motion, the Court must accept as true Jackson's claim that she was unaware that the manager reset the docking plate in the moments prior to Jackson's injury. However, Jackson does not assert that she was unaware of the docking plate's prior malfunctions or of the systemic risk imposed by the continued use of a malfunctioning docking plate. In fact, Jackson states that

---

[2]The Court does not address at this point whether Wal-Mart's action created a "virtual certainty" of injury or death.

the docking plate had been malfunctioning "for over a year" and that Wal-Mart continued to use this docking plate "on a regular basis" despite the known malfunction. (Id. ¶¶ 6, 10). Because Jackson has not alleged that she was unaware of the docking plate's prior malfunctions or the risk imposed in using such a malfunctioning docking plate at the time of the incident, her claim for negligence against Wal-Mart must be dismissed.

Accordingly, Wal-Mart's Motion to Dismiss (Doc. 3) is hereby **GRANTED IN PART** and **DENIED IN PART**. Wal-Mart's request to dismiss is **GRANTED** and Jackson's Complaint is **DISMISSED WITHOUT PREJUDICE** with leave to refile on or before Friday, August 14, 2009 if Jackson can make a good faith assertion that she was unaware of the docking plate's malfunction or that she was unaware of the risk involved in using a such a docking plate.[3] Wal-Mart's request for attorney's fees is also **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 28th day of July, 2009.

    _____
    JOHN ANTOON II
    United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

---

[3] If Jackson had knowledge of this particular docking plate's prior malfunctions and that Wal-Mart's regularly used the docking plate without repairing it despite these malfunctions, the Court notes that it would be extremely difficult to meet this good faith requirement.