**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTINE JACKSON,**
            **Plaintiff,**

**-vs-**                                          **Case No. 6:09-cv-777-Orl-28GJK**

**WAL-MART STORES, INC.,**
            **Defendant.**
_____

## ORDER

This cause is before the Court on the Motion to Dismiss (Doc. 24) filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart"). Plaintiff, Christine Jackson ("Jackson"), has filed a Response (Doc. 27) to the motion, and the Court now issues the following ruling thereon.

### I. Motion to Dismiss Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." LaGrasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## II. Analysis

On April 7, 2009, Jackson—an employee of Wal-Mart—filed a one-count Complaint in state court for negligence against Wal-Mart for injuries she suffered while unloading a delivery truck, allegedly due to a malfunctioning docking plate. (Compl., Doc. 2). Upon motion of Wal-Mart, this Court dismissed the Complaint without prejudice with leave to refile. (Doc. 18). Specifically, the Court ruled that Jackson had not alleged that she was unaware of prior malfunctions of the docking plate and that therefore Jackson did not meet the "intentional tort" exception that would allow her to proceed against Wal-Mart outside of the worker's compensation scheme. (Id. at 4). In the July 28, 2009 Order, the Court did not address whether the malfunctioning docking plate created a "virtual certainty" of injury or death. Jackson filed her Amended Complaint (Doc. 20) on August 12, 2009, and Wal-Mart now moves to dismiss the Amended Complaint, arguing that Wal-Mart neither intentionally injured Jackson nor engaged in conduct that knowingly created a "virtual certainty" of injury or death, (Doc. 24 at 2-3).

Section 440.11, Florida Statutes, provides that an employer's liability is limited to that provided by section 440.10 except in certain limited situations. At issue in this suit is whether Jackson may proceed under the "intentional tort" exception. The statute defines an "intentional tort" as encompassing two types of scenarios: (1) when an employer deliberately injures an employee, § 440.11(b)(1), Fla. Stat.; and (2) when an employer engages in conduct that it knew created a "virtual certainty" of injury or death and the employee was unaware of this risk because the risk was unapparent, concealed, or misrepresented, id. § 440.11(b)(2).

In the Amended Complaint, Jackson states that "[f]or approximately one year prior to August 21, 2008, Wal-Mart recklessly and/or intentionally failed to maintain the docking plate located in docking bay number one at Wal-Mart store number 1220." (Am. Compl. ¶ 8). Jackson then claims that instead of repairing or properly maintaining the docking plate, Wal-Mart "merely ignored the condition and did nothing to prevent it's [sic] employees from using it." (Id.). Nowhere in the Amended Complaint does Plaintiff allege that any employee had been previously injured by the malfunctioning docking plate during this one-year period. Because of this long period of use without injury to any employee, Wal-Mart's continued use of the malfunctioning docking plate did not create a "virtual certainty" of injury or death enabling Jackson to remove her claim from the worker's compensation scheme. As such, Jackson's claim for negligence against Wal-Mart must be dismissed. Wal-Mart's Motion to Dismiss (Doc. 24) is hereby **GRANTED IN PART** and **DENIED IN PART**. Wal-Mart's request to dismiss is **GRANTED** in that Jackson's Amended Complaint is **DISMISSED WITH PREJUDICE.** Wal-Mart's request for attorney's fees is **DENIED**. The clerk is directed to close this file.

**DONE** and **ORDERED** in Orlando, Florida this 1st day of October, 2009.

Copies furnished to:
Counsel of Record

JOHN ANTOON II
United States District Judge